**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> BROOKSTONE HOLDINGS CORP., <br><br>           Debtor. <br><br> Tax I.D. No. 27-0124638 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BROOKSTONE, INC., <br><br>           Debtor. <br><br> Tax I.D. No. 06-1182895 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BROOKSTONE COMPANY, INC., <br><br>           Debtor. <br><br> Tax I.D. No. 04-2423478 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BROOKSTONE RETAIL PUERTO RICO, INC., <br><br>           Debtor. <br><br> Tax I.D. No. 66-0575552 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BROOKSTONE INTERNATIONAL HOLDINGS, INC., <br><br>           Debtor. <br><br> Tax I.D. No. 20-1208382 | Chapter 11 <br><br> Case No. 18-_____ (___) |

| | |
|---|---|
| In re:<br><br>BROOKSTONE PURCHASING, INC.,<br><br>        Debtor.<br><br>Tax I.D. No. 02-0482514 | Chapter 11<br><br>Case No. 18-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>BROOKSTONE STORES, INC.,<br><br>        Debtor.<br><br>Tax I.D. No. 02-0482513 | Chapter 11<br><br>Case No. 18-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>BIG BLUE AUDIO LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 00-0000000 | Chapter 11<br><br>Case No. 18-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>BROOKSTONE HOLDINGS, INC.,<br><br>        Debtor.<br><br>Tax I.D. No. 02-0482515 | Chapter 11<br><br>Case No. 18-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>BROOKSTONE PROPERTIES, INC.,<br><br>        Debtor.<br><br>Tax I.D. No. 02-0482517 | Chapter 11<br><br>Case No. 18-\_\_\_\_\_ (\_\_\_) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Brookstone Holdings Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move the Court (this "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, directing the joint administration of the Debtors' chapter 11 cases. In support of this Motion, the Debtors submit the *Declaration of Greg Tribou in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"), filed substantially contemporaneous herewith. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

**BACKGROUND**

2. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

3. Additional information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the First Day Declaration.[1]

**RELIEF REQUESTED**

4. By this Motion, the Debtors seek an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m), directing the joint administration of the Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk of the Court") maintain one file and one docket for all of the jointly administered cases under the case number of Brookstone Holdings Corp. and that the Clerk of the Court administer the cases under a consolidated caption, as follows:

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the First Day Declaration.

01:23475989.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BROOKSTONE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-_____ (___)<br><br>(Jointly Administered) |

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

5. In addition, the Debtors request that a docket entry, substantially similar to the following, be made on the docket of each of the Debtors' Chapter 11 Cases (except that of Brookstone Holdings Corp.):

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). **The docket in the chapter 11 case of Brookstone Holdings Corp., Case No. 18-_____ (___), should be consulted for all matters affecting this case**.

## BASIS FOR RELIEF

6. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Local Rule 1015-1 provides

01:23475989.1

5

additional authority for the Court to order joint administration of chapter 11 cases upon the filing of a motion supported by a declaration establishing that joint administration of two or more pending cases will ease the administrative burden of the Court and the parties.

7. As set forth in the First Day Declaration, the Debtors' operations are interconnected and co-dependent, and share many of the same creditors and other parties in interest. Given the commercial and corporate relationships among the Debtors, joint administration of the Chapter 11 Cases will provide administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in the Chapter 11 Cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Moreover, joint administration will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware and allow all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

8. Joint administration of the Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors, because the Debtors seek only administrative, not substantive, consolidation of their estates. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these cases.

9. For these reasons, the Debtors respectfully submit that the joint administration of these cases is appropriate and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and therefore this Motion should be granted.

01:23475989.1

## **NOTICE**

10. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the 30 largest unsecured claims on a consolidated basis against the Debtors; (c) counsel to Wells Fargo Bank, National Association in its capacity as Agent under the Credit Agreement, dated as July 7, 2014; (d) counsel to Gordon Brothers Finance Company, in its capacity as Term Loan Lender under the Term Note dated June 3, 2015; (e) counsel to Wilmington Trust, National Association, in its capacity as Trustee under the Indenture dated as of July 7, 2014; (f) counsel to Sanpower (Hong Kong) Company Limited as Lender under certain secured and unsecured notes; and (g) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, directing the joint administration of the Chapter 11 Cases, and (b) grant such other and further relief as is just and proper.

Dated:    August 2, 2018
           Wilmington, Delaware

*/s/ Andrew L. Magaziner*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael R. Nestor (No. 3526)
Sean M. Beach (No. 4070)
Andrew L. Magaziner (No. 5426)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: mnestor@ycst.com
        sbeach@ycst.com
        amagaziner@ycst.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew J. Williams
David M. Feldman
Matthew K. Kelsey
Keith R. Martorana
Jason Zachary Goldstein
200 Park Avenue
New York, New York 10166
Tel:    (212) 351-4000
Fax:    (212) 351-4035
Email:  mjwilliams@gibsondunn.com
        dfeldman@gibsondunn.com
        mkelsey@gibsondunn.com
        kmartorana@gibsondunn.com
        jgoldstein@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BROOKSTONE HOLDINGS CORP.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 27-0124638 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>BROOKSTONE, INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 06-1182895 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>BROOKSTONE COMPANY, INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 04-2423478 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>BROOKSTONE RETAIL PUERTO RICO, INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 66-0575552 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>BROOKSTONE INTERNATIONAL HOLDINGS, INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 20-1208382 | Chapter 11<br><br>Case No. 18-_____ (___) |

01:23475989.1

| | |
|---|---|
| In re: <br><br> BROOKSTONE PURCHASING, INC., <br><br> Debtor. <br><br> Tax I.D. No. 02-0482514 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BROOKSTONE STORES, INC., <br><br> Debtor. <br><br> Tax I.D. No. 02-0482513 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BIG BLUE AUDIO LLC, <br><br> Debtor. <br><br> Tax I.D. No. 00-0000000 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BROOKSTONE HOLDINGS, INC., <br><br> Debtor. <br><br> Tax I.D. No. 02-0482515 | Chapter 11 <br><br> Case No. 18-_____ (___) |
| In re: <br><br> BROOKSTONE PROPERTIES, INC., <br><br> Debtor. <br><br> Tax I.D. No. 02-0482517 | Chapter 11 <br><br> Case No. 18-_____ (___) <br><br> **Ref. Docket No. _____** |

## ORDER DIRECTING THE JOINT ADMINISTRATION
## OF THE DEBTORS' CHAPTER 11 CASES

Upon the *Debtors' Motion for Entry of an Order Directing the Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:23475989.1

3

2. The Debtors' Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

3. The Clerk of the Court shall maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of Brookstone Holdings Corp., Case No. 18-_____ (____).

4. All pleadings filed in the Chapter 11 Cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BROKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 18-_____ (___) |
| Debtors. | (Jointly Administered) |

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

5. The Clerk of the Court shall make a docket entry in each Debtor's chapter 11 case (except that of Brookstone Holdings Corp.) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). **The docket in the chapter 11 case of Brookstone Holdings Corp., Case No. 18-_____ (___), should be consulted for all matters affecting this case**.

01:23475989.1

6. One consolidated docket, one file, and one consolidated service list shall be maintained for the Chapter 11 Cases by the Debtors and kept by the Clerk of the Court.

7. The Debtors and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases.

9. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August ____, 2018
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE