## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*, | Case No 18-11780 (BLS) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

**Brookstone, Inc.**

**Case No: 18-11781**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 18-11780 (BLS) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY
AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company") submit their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On August 2, 2018 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly under case number 18-11780. The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

The Schedules and Statements were prepared by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time as may be necessary or appropriate but there can be no guarantees that the Debtors will do so.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and

however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## General Comments

**Reservation of Rights.**  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

**Basis of Presentation.**  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, Brookstone Holdings Corp. and its affiliated debtors and debtors in possession historically prepared consolidated financial statements, which included financial information for all of its subsidiaries and which were audited annually.  The majority of the Debtors' operations occur through Debtor Brookstone Company, Inc. and the Debtors use a centralized cash management system whereby all disbursements are made by Brookstone Company, Inc.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended

to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.

The Schedules and Statements have been signed by Greg Tribou, Vice President – Chief Financial Officer for the Company.  In reviewing and signing the Schedules and Statements, Mr. Tribou necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Mr. Tribou, either directly or indirectly.  Mr. Tribou has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

**Date of Valuations.**  Except as otherwise noted in the Schedules and Statements, all liabilities, as well as cash, inventory and vendor balances, are valued as of July 28, 2018.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates.  All values are stated in United States currency.  In certain instances, the Debtors used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available.  The Debtors made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

**Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, unless otherwise noted, the Schedules and Statements are not based

upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets may have been impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

**Consignment Related Matters.** The Debtors have a small amount of consignment inventory in their stores. The Debtors do not claim any ownership in the consignment inventory and are in the process of returning such inventory. Therefore, the value of such inventory is not reflected in the Schedules and Statements and the consignment vendors are listed on Question 21 of the Statements with no value assigned.

**Property and Equipment.** Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method.

**Causes of Action.** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Litigation.** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made

reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

**Application of Vendor Credits.**  In the ordinary course of their businesses, the Debtors may apply credits against amounts otherwise due to vendors. These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) vendor provides volume rebates and cash discounts, and (d) there may have been quantity and/or shipping variances and violations.  While vendor claims are listed in the amounts entered on the Debtors' books and records and do not reflect credits or allowances due from such creditors to the Debtors, the account receivable balances listed do reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all rights with regard to such credits, allowances and other adjustments.

The Debtors intentionally have not included "non-cash" accruals, *i.e.* accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court has authorized, but not directed, the Debtors to, among other thing, (a) continue certain customer programs and practices in the ordinary course of business, (b) pay certain prepetition wages, salaries, employee benefits, and other related obligations up to the statutory cap of $12,850 per employee, (c) pay certain prepetition sales, use, and other taxes, (d) pay certain prepetition shipping and related charges, and (e) pay certain prepetition amounts

related to the Debtors' insurance policies.  While the Debtors have made their best efforts to reflect the claims, by vendor, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.  Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to (a) object to or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules as to amount, liability, classification or otherwise or (b) otherwise to designate subsequently any claim as "disputed," "contingent" or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, and to the extent such damage claims exist, the Debtors reserve all rights to contest such claims as asserted.

**Employee Claims.**  The Bankruptcy Court entered a final order authorizing, but not directing,  the Debtors to pay certain prepetition employee wages, salaries, benefits and other related obligations.  The Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary

course of business and, therefore, the Schedules and Statements do not include such claims. Notwithstanding the foregoing, the Debtors reserve their rights to (a) evaluate whether to modify or terminate any employee plan or program and (b) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.  In the event that any employee plans or programs are modified or terminated, or sought to be modified or terminated, affected employees would receive by mail notice thereof, thereby allowing any such affected party to assert claims against the Debtors arising therefrom.

**Intercompany Items.**  For purposes of the Schedules and Statements, the Debtors have not reflected intercompany receivables and payables between Debtor entities as these entries are made for accounting purposes only and would not be settled in cash. The Debtors have reported receivables on Schedule A/B-11 and payables on Schedule E between each Debtor and their non-Debtor joint venture entities (the "Non-Debtor Affiliates") which are affiliated to the Debtors through common ownership.

**Schedules**

**Schedule A/B – Assets - Real and Personal Property**

Items 2 and 3 – Cash on hand and checking, savings, money market, or financial brokerage accounts.  The numbers listed in Items 2 and 3 are based on the Debtors' books and records and reflect the balance sheet representation of the amounts held at the Debtors' stores in tills, cash registers, store safes, and the like as of July 28, 2018.

Item 11 – Accounts Receivable.  As noted above, the account receivable balances listed reflect credits or allowances due from vendor creditors to the Debtors.  The receivable from NanJing XiShi Electronic Technical Limited Company listed on Schedule A/B for each of Debtors

(a) Brookstone Company Inc., (b) Brookstone Purchasing Inc., and (c) Big Blue Audio LLC constitutes only one total receivable but is owing to all three Debtors.

Item 46 – Machinery, equipment and vehicles.  The Debtors lease certain vehicles, and such leases are captured on Schedule A/B for Debtor Brookstone Company, Inc.

Items 59-66 – Intangibles and intellectual property.  The Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims.  The Debtors attempted to list known causes of action and other claims.  Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

Item 82 – Accounts receivable.  Item 82 includes intercompany receivables between each Debtor and Non-Debtor Affiliate.

**Schedule D – Creditors Who Have Claims Secured by Property**

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such

creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors.  No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

**Schedule E/F – Creditors Who Hold Unsecured Claims**

Certain of the claims of state and local taxing authorities set forth in Schedule E ultimately may be deemed to be secured claims pursuant to state or local laws.  Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are may be otherwise satisfied or discharged.

As noted above, the Bankruptcy Court has authorized, but not directed, the Debtors to, among other matters, pay certain prepetition wages, salaries, employee benefits, and other related obligations up to the statutory cap of $12,850.  To the extent any employees have been paid or will be paid in accordance with the Bankruptcy Court's order they have not been listed. Employees with claims in excess of the statutory cap are listed on Schedule E/F (Non-priority) and the balance exceeding $12,850 is listed.

Certain of the Debtors' liabilities do not lend themselves to identification of individual claims/claimants.  Specifically, Schedule E/F Part 2 for Brookstone Company, Inc. includes an aggregated estimated liability for the outstanding store gift and merchandise cards because Brookstone Company, Inc. does not track individual gift and merchandise card holders.  The total amount outstanding on behalf of gift and merchandise cards is $17,115,614.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves, including self-insured health insurance plan liabilities.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

As noted above, the Debtors use a centralized cash management system whereby all disbursements are made by Brookstone Company, Inc.  In the ordinary course, the Debtors engage in intercompany transactions and transfers amongst themselves and Non-Debtor Affiliates related to, among other things, the expenses of conducting certain of their retail operations.  As a result,

liabilities listed on Schedule E/F of Debtor Brookstone Company Inc. may be liabilities of one or more Debtors and/or one or more Non-Debtor Affiliates but, in each case, in the ordinary course of business are paid by Brookstone Company, Inc.  As noted above, the Debtors have reported intercompany receivables between Debtor and Non-Debtor Affiliates on Schedules A/B-11 and payables on Schedule E of each Debtor.

Item 4 – Others to be notified.  The Debtors have listed their known creditors in Schedule E/F.  To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' chapter 11 cases and are not separately listed in Item 4.

**Schedule G – Executory Contracts and Unexpired Leases**

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (a) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (b) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal

options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

**Schedule H – Co-debtors**

The Debtors included on Schedule H debts for which more than one Debtor may be liable even where such debts were reflected on Schedules E/F or G for the respective Debtors. To the extent these Global Notes include notes specific to Schedules D-G, such notes also apply to the co-debtors listed in Schedule H.

**Statements**

Question 1 - Gross revenue from business. As is customary in the retail industry, sales are reflected net of returns and allowances, coupons, discounts, shipping and handling, and sales tax.

Question 3 – Certain payments or transfers to creditors within 90 days before filing this case. As noted above, the Debtors use a centralized cash management system whereby all disbursements are made by Brookstone Company, Inc. As a result, payments to creditors are listed on the Statements of Brookstone Company, Inc. only, but may have been made on behalf of one or more Debtors. Additionally, as noted above, in the ordinary course, the Debtors engage in intercompany transactions and transfers amongst themselves and the Non-Debtor Affiliates related to, among other things, the expenses of conducting certain of their retail operations. As a result,

13

certain of the payments listed in Question 3 of the Statements may have been made by Brookstone

Company, Inc. on behalf of one or more Debtors and/or one or more Non-Debtor Affiliates.

Question 4 - Payments or other transfers of property made within 1 year before filing this

case that benefited any insider.  The Debtors' intercompany transfers are done through accounting

entries rather than cash transfers.  Accordingly, the Debtors did not list intercompany transfers

between Debtors in Question 4 of the Statements.  Likewise, Question 4 of the Statements does

not account for merchandise that was moved between the Debtors' locations.  Such transfers are

also reflected as accounting transfers with no corresponding cash transfers.

Further, despite the titles of certain employees, the Debtors do not believe these employees

qualify as "insiders" under the Court's decision in *In re Foothills Texas, Inc.*, 408 B.R. 573 (Bankr.

D. Del. 2009), because they do not participate in the corporate and/or operation management of

the Debtors.  Accordingly, such employees are not listed in Question 4 of the Statements.

Question 5- Repossessions, foreclosures, and returns.  In the ordinary course of business,

returns are part of the Debtors' operations.

Question 6 - Setoffs.  The Debtors have used their best efforts to reflect setoffs made by

creditors without permission that they are aware of.  However, there may be instances, including,

without limitation, credits due to landlords and holdbacks made by credit card processors, where

such a setoff has occurred without the Debtors' knowledge.

Question 10 – All losses from fire, theft, or other casualty within 1 year before filing this

case.  The Debtors have included events that are not routine to the day-to-day operations of the

business.  Ordinary course shrink is not reflected in the Statements.

Question 11 - Payments related to bankruptcy.  As noted above, because the Debtors use a

centralized cash management system whereby all disbursements are made by Brookstone

Company, Inc., payments related to bankruptcy are reflected on the Statements of Brookstone Company, Inc. only, but were made on behalf of all of the Debtors.

Question 20 - Off-premises storage.  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks or in warehouses where they may be temporarily stored during the transport process.

Question 26 - Books, Records and Financial Statements (Question 26d).  From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients have included regulatory agencies, financial institutions, investment banks, vendors, debtholders and their legal and financial advisors.  Additionally, during their sale process, the Debtors provided certain financial and/or strategic information to potential purchasers under non-disclosure agreements, which require that the Debtors not disclose who they provided this information to.  Due to the confidentiality requirements of the non-disclosure agreements, such parties are not listed in response to this question.

Question 28 – List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.  The Debtors listed all officers and directors in Question 28 of the Statements.

Question 30 – Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?  Please refer to Question 4 of the Statements for Debtor Brookstone Company, Inc. regarding all payments to insiders.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

| | |
|---|---|
| Debtor Name | **Brookstone, Inc.** |
| **United States Bankruptcy Court for the District of Delaware** | |
| Case number (if known): | **18-11781** |

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1: Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*  (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*........................................................................................
$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*....................................................................................
$0.00

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*........................................................................................
$0.00

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property*  (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D...........................
$43,383,846.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims*  (Official Form 206E/F)

3a. **Total of amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*.............................................................
$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total amount of claims from Part 2 from line 5b of *Schedule E/F*....................................................
**+** $0.00

4. **Total liabilities** ....................................................................................................................................
Lines 2 + 3a + 3b
$43,383,846.00

| | |
|---|---|
| Debtor Name | **Brookstone, Inc.** |
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **18-11781** |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206G).

Be complete and accurate as possible.  If more space is needed, attach a separate spreadsheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

| **Part 1:** | **Cash and cash equivalents** |
|---|---|

1.  **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

**All cash of cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.  **Cash on hand**

3.  **Checking, savings, money market, or financial brokerage accounts**

Name of institution (bank or brokerage firm)        Type of account        Last 4 digits of account number

4.  **Other cash equivalents**

5.  **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| **Part 2:** | **Deposits and prepayments** |
|---|---|

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

Debtor  Brookstone, Inc.                                      Case Number (if known) 18-11781

|  |  | Current value of debtor's interest |
|---|---|---|

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

9. **Total of Part 2**
   Add lines 7 through 8.  Copy the total to line 81.

| Part 3: | Accounts Receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

11. **Accounts receivable**

    11a. 90 days old or less:  _____ - _____ =
                                face amount                   doubtful or uncollectible accounts

    11b. Over 90 days old:     _____ - _____ =
                                face amount                   doubtful or uncollectible accounts

12. **Total of Part 3**
    Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☑ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds of publicly traded stocks not included in Part 1**
    Name of fund or stock:

Debtor  Brookstone, Inc.                                            Case Number (if known) 18-11781

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses,**
    **including any interest in an LLC, partnership, or joint venture**

    Name of entity:                          % of ownership:

    15.1    Brookstone Company, Inc.            100%                                        Unknown

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable**
    **instruments not included in Part 1**

    Describe:

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.

| Part 5: | Inventory, excluding agricultural assets |
|---------|-------------------------------------------|

18. **Does the debtor own any inventory (excluding agricultual assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-------------------------------------|------------------------------------------|-------------------------------------|
| 19. **Raw Materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

23. **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No.

    ☐ Yes.

Official Form 206A/B                    Schedule A/B: Assets - Real and Personal Property                    Page 3

Debtor  Brookstone, Inc.                                    Case Number (if known) 18-11781

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No.

☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops - either planted of harvested** | | | |
| 29. **Farm animals**<br>Examples: Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment**<br>(Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6**
Add lines 28 through 32. Copy the total to line 85.

| |
|---|
| |

Debtor  Brookstone, Inc.                                      Case Number (if known) 18-11781

34.  **Is the debtor a member of an agricultural cooperative?**

    ☑ No.

    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☑ No.

    ☐ Yes.

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☑ No.

    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☑ No.

    ☐ Yes.

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☑ No.

    ☐ Yes.

**Part 7:**      Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☑ No. Go to Part 8.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 40.  **Office fixtures** | | | |

Debtor  Brookstone, Inc.                                    Case Number (if known) 18-11781

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

   ☐ No.
   ☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

   ☑ No.
   ☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ☑ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**
Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

Debtor  Brookstone, Inc.                                    Case Number (if known) 18-11781

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

     ☑ No.
     ☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

     ☑ No.
     ☐ Yes.

**Part 9:**      **Real property**

54.  **Does the debtor own or lease any real property?**

     ☑ No. Go to Part 10.
     ☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

56.  **Total of Part 9.**
     Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

     ☑ No.
     ☐ Yes.

Debtor  Brookstone, Inc.                                    Case Number (if known) 18-11781

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

**Part 10:**      **Intangibles and intellectual property**

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61.  **Internet domain names and websites** | | | |
| 62.  **Licenses, franchises, and royalties** | | | |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
| 64.  **Other intangibles, or intellectual property** | | | |
| 65.  **Goodwill** | | | |

66.  **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

67.  **Do your lists or records include personally identifiable information of customers?**

Debtor  Brookstone, Inc.                                           Case Number (if known) 18-11781

☑ No.

☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.

☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form?**

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

_____ - _____ =
Total face amount       Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

See Attached Exhibit                                                              Unknown

**Nature of claim**

**Amount Requested**

Debtor  Brookstone, Inc.                                    Case Number (if known) 18-11781

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

   **Nature of claim**

   **Amount Requested**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed**
    Examples: Season tickets, country club membership

78. **Total of Part 11.**
    Add lines 71 through 77.  Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

   ☑ No.
   ☐ Yes.

Debtor  Brookstone, Inc.                                          Case Number (if known) 18-11781

| Part 12: | Summary |
| --- | --- |

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.**   *Copy line 5, Part 1.* | | |
| 81. **Deposits and prepayments.**   *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.**   *Copy line 12, Part 3.* | | |
| 83. **Investments.**   *Copy line 17, Part 4.* | | |
| 84. **Inventory.**   *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.**   *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.**   *Copy line 51, Part 8.* | | |
| 88. **Real Property.**   *Copy line 56, Part 9.* | | |
| 89. **Intangibles and intellectual property.**   *Copy line 66, Part 10.* | | |
| 90. **All other assets.**   *Copy line 78, Part 11.* | | |
| 91. **Total.**   Add lines 80 through 90 for each column. | 91a. **$0.00** | **+** 91b. **$0.00** |
| 92. **Total of all property on Schedule A/B.**   Lines 91a + 91b = 92 ............................................................................................... | | **$0.00** |

# SCHEDULES OF ASSETS AND LIABILITIES

## EXHIBIT FOR SCHEDULE AB

## PART 11, QUESTION 74

## CAUSES OF ACTION AGAINST THIRD PARTIES

**Brookstone, Inc.**
**Case No. 18-11781**
**Schedule AB-74: Causes of action against third parties (whether or not a lawsuit has been filed)**

| Name | Jurisdiction | Description | Status | Potential Recovery Amount |
|---|---|---|---|---|
| Cathode Ray Tube (CRT) Antitrust Litigation<br><br>Pending Class Action Recovery | United States District Court, Northern District of California | Class action relating to allegations of price-fixing of cathode ray tubes and CRT televisions and computer monitors from 1995 to 2007. | Indirect purchaser claim submitted for a total of 1,367 CRT products. Audit process in progress. Indirect plaintiffs recently moved for preliminary approval of a new settlement with Mitsubishi Electric, which may trigger a new settlement round. | Modest |

| Debtor Name | **Brookstone, Inc.** | |
|---|---|---|
| **United States Bankruptcy Court for the District of Delaware** | | |
| Case number (if known): | **18-11781** | ☐ Check if this is an amended filing |

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | **Amount of Claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|---|

### 2.1

| **Creditor's name** GORDON BROTHERS FINANCE COMPANY, TERM | **Describe debtor's property that is subject to a lien** SUBSTANTIALLY ALL OF THE ASSETS OF BROOKSTONE COMPANY, INC AND CERTAIN OF ITS SUBSIDIARIES | $15,000,000.00 | $15,000,000.00 |
|---|---|---|---|

**Creditor's mailing address**
800 BOYLSTON STREET
27TH FLOOR
BOSTON, MA 02199

**Creditor's email address, if known**

**Date debt was incurred** 06/03/2015

**Last four digits of account number** _____

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe the lien**

Collateral, First Lien

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

☒ Contingent

☐ Unliquidated

☐ Disputed

### 2.2

| **Creditor's name** WELLS FARGO BANK, NATIONAL ASSOCIATION, | **Describe debtor's property that is subject to a lien** SUBSTANTIALLY ALL OF THE ASSETS OF BROOKSTONE COMPANY, INC AND CERTAIN OF ITS SUBSIDIARIES | $13,513,758.59 | $13,513,758.59 |
|---|---|---|---|

**Creditor's mailing address**
ONE BOSTON PLACE
18TH FLOOR
BOSTON, MA 02108

**Creditor's email address, if known**

**Date debt was incurred** 07/07/2014

**Last four digits of account number** _____

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☒ Yes. The relative priority of creditors is specified on lines

**Describe the lien**

Collateral, First Lien

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

☒ Contingent

☐ Unliquidated

☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$43,383,846.00

Debtor Name    **Brookstone, Inc.**                    Case number (if known): **18-11781**

| **Part 1:** | **Additional Page(s)** |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. | **Amount of Claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|

**2.3**

**Creditor's name**

WILMINGTON TRUST, NATIONAL ASSOCIATION A

**Creditor's mailing address**

50 SOUTH SIXT STREET
SUITE 1290
MINNEAPOLIS, MN 55402

**Creditor's email address, if known**

**Date debt was incurred**  07/07/2014

**Last four digits of account number**

**Do multiple creditors have an interest in the same property?**

- [ ] No
- [x] Yes. Have you already specified the relative priority?
- [ ] No. Specify each creditor, including this creditor, and its relative priority.

- [x] Yes.  The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

SUBSTANTIALLY ALL OF THE ASSETS OF BROOKSTONE
COMPANY, INC AND CERTAIN OF ITS SUBSIDIARIES

$14,870,087.41          $14,870,087.41

**Describe the lien**

Collateral, Second Lien

**Is the creditor an insider or related party?**

- [x] No
- [ ] Yes

**Is anyone else liable on this claim?**

- [ ] No
- [x] Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

- [x] Contingent
- [ ] Unliquidated
- [ ] Disputed

| Debtor Name | **Brookstone, Inc.** |
|---|---|

**United States Bankruptcy Court for the  District of Delaware**

Case number (if known):  **18-11781**

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F - Creditors Who Have Claims Unsecured Claims                    12/15

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:     List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**
  ☐ No. Go to Part 2.
  ☒ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| | | | **UNKNOWN** | **UNKNOWN** |

| **2.1** | **Priority creditor's name and mailing address** | | | |
|---|---|---|---|---|
| | WORKERS COMP CLAIMS WITH VARIOUS CREDITORS | **As of the petition filing date, the claim is:** ☐ Contingent ☐ Unliquidated ☐ Disputed | | |
| | **Date or dates debt was incurred** | **Basis for the claim:** WORKERS COMP CLAIMS WITH VARIOUS CREDITORS | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (        ) | | | |

Debtor Name    **Brookstone, Inc.**

Case number (if known): **18-11781**

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

Amount of claim

**3.1** **Nonpriority creditor's name and mailing address**
GENERAL LIABILITY CLAIMS

UNKNOWN

As of the petition filing date, the claim is:

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
GENERAL LIABILITY WITH VARIOUS CREDITORS

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor Name    **Brookstone, Inc.**                                    Case number (if known): **18-11781**

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                                                            $0.00

**5b. Total claims from Part 2**                                                            $0.00

**5c. Total claims of Parts 1 and 2**
   Lines 5a + 5b = 5c                                                                        $0.00

| Debtor Name | **Brookstone, Inc.** |
|---|---|
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **18-11781** |

☐ Check if this is an amended filing

<u>Official Form 206G</u>

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☒ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | **NONE** |
|---|---|---|
| | State the term remaining | |
| | List the contract number of any government contract | |

| Debtor Name | **Brookstone, Inc.** |
|---|---|

**United States Bankruptcy Court for the  District of Delaware**

| Case number (if known): | **18-11781** |
|---|---|

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Codebtors

12/15

**Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**   Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

**Column 1: Codebtor**

**Column 2: Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply |
|---|---|---|---|---|
| 2.1 | BIG BLUE AUDIO, LLC | 1 INNOVATION WAY MERRIMACK, NH 03054 | Gordon Brothers Finance Company, Term Agent | ☒ D ☐ E/F ☐ G |
| 2.2 | BIG BLUE AUDIO, LLC | 1 INNOVATION WAY MERRIMACK, NH 03054 | Wells Fargo Bank, National Association, as Agent and as Lender | ☒ D ☐ E/F ☐ G |
| 2.3 | BIG BLUE AUDIO, LLC | 1 INNOVATION WAY MERRIMACK, NH 03054 | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☒ D ☐ E/F ☐ G |
| 2.4 | BROOKSTONE COMPANY, INC | 1 INNOVATION WAY MERRIMACK, NH 03054 | Gordon Brothers Finance Company, Term Agent | ☒ D ☐ E/F ☐ G |
| 2.5 | BROOKSTONE COMPANY, INC | 1 INNOVATION WAY MERRIMACK, NH 03054 | Wells Fargo Bank, National Association, as Agent and as Lender | ☒ D ☐ E/F ☐ G |

| Debtor Name | **Brookstone, Inc.** | Case number (if known): **18-11781** |
| --- | --- | --- |

███ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
| --- | --- | --- | --- |
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.6 **BROOKSTONE COMPANY, INC** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D<br>☐ E/F<br>☐ G |
| 2.7 **BROOKSTONE HOLDINGS CORP.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Gordon Brothers Finance Company, Term Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.8 **BROOKSTONE HOLDINGS CORP.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wells Fargo Bank, National Association, as Agent and as Lender | ☑ D<br>☐ E/F<br>☐ G |
| 2.9 **BROOKSTONE HOLDINGS CORP.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D<br>☐ E/F<br>☐ G |
| 2.10 **BROOKSTONE HOLDINGS, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Gordon Brothers Finance Company, Term Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.11 **BROOKSTONE HOLDINGS, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wells Fargo Bank, National Association, as Agent and as Lender | ☑ D<br>☐ E/F<br>☐ G |
| 2.12 **BROOKSTONE HOLDINGS, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 **BROOKSTONE INTERNATIONAL HOLDINGS, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Gordon Brothers Finance Company, Term Agent | ☑ D<br>☐ E/F<br>☐ G |

Debtor Name    **Brookstone, Inc.**                    Case number (if known): **18-11781**

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.14 | **BROOKSTONE INTERNATIONAL HOLDINGS, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wells Fargo Bank, National Association, as Agent and as Lender | ☑ D ☐ E/F ☐ G |
| 2.15 | **BROOKSTONE INTERNATIONAL HOLDINGS, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D ☐ E/F ☐ G |
| 2.16 | **BROOKSTONE PROPERTIES, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Gordon Brothers Finance Company, Term Agent | ☑ D ☐ E/F ☐ G |
| 2.17 | **BROOKSTONE PROPERTIES, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wells Fargo Bank, National Association, as Agent and as Lender | ☑ D ☐ E/F ☐ G |
| 2.18 | **BROOKSTONE PROPERTIES, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D ☐ E/F ☐ G |
| 2.19 | **BROOKSTONE PURCHASING, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Gordon Brothers Finance Company, Term Agent | ☑ D ☐ E/F ☐ G |
| 2.20 | **BROOKSTONE PURCHASING, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wells Fargo Bank, National Association, as Agent and as Lender | ☑ D ☐ E/F ☐ G |
| 2.21 | **BROOKSTONE PURCHASING, INC.** | **1 INNOVATION WAY MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D ☐ E/F ☐ G |

Official Form 206H                    **Schedule H: Codebtors**                    Page 3 of  4

| Debtor Name | **Brookstone, Inc.** | Case number (if known): **18-11781** |
|---|---|---|

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** / Mailing Address | | **Name** | *Check all schedules that apply* |
| 2.22 | **BROOKSTONE RETAIL PUERTO RICO, INC.** | **1 INNOVATION WAY**<br>**MERRIMACK, NH 03054** | Gordon Brothers Finance Company, Term Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.23 | **BROOKSTONE RETAIL PUERTO RICO, INC.** | **1 INNOVATION WAY**<br>**MERRIMACK, NH 03054** | Wells Fargo Bank, National Association, as Agent and as Lender | ☑ D<br>☐ E/F<br>☐ G |
| 2.24 | **BROOKSTONE RETAIL PUERTO RICO, INC.** | **1 INNOVATION WAY**<br>**MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D<br>☐ E/F<br>☐ G |
| 2.25 | **BROOKSTONE STORES, INC.** | **1 INNOVATION WAY**<br>**MERRIMACK, NH 03054** | Gordon Brothers Finance Company, Term Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.26 | **BROOKSTONE STORES, INC.** | **1 INNOVATION WAY**<br>**MERRIMACK, NH 03054** | Wells Fargo Bank, National Association, as Agent and as Lender | ☑ D<br>☐ E/F<br>☐ G |
| 2.27 | **BROOKSTONE STORES, INC.** | **1 INNOVATION WAY**<br>**MERRIMACK, NH 03054** | Wilmington Trust, National Association as Trustee, Paying Agent and Registrar | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | Brookstone, Inc. |
| --- | --- |
| **United States Bankruptcy Court for the  District of Delaware** | |
| **Case Number:** | 18-11781 |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C.  152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*     (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*     (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206 G)

☑ *Schedule H: Codebtors*                         (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*     (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*     (Official Form 204)

☐ *Other document that requires a declaration*

I, the VP/CFO of the Brookstone, Inc., declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 25 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on:   9/13/2018
             MM / DD / YYYY

Signature _____ /S/ Greg Tribou _____

                        Greg Tribou
Printed Name

                        VP/CFO
Title