**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: BROOKSTONE HOLDINGS CORP., *et al.*,[1] Debtors. | Chapter 11 Case No. 18-11780 (BLS) (Jointly Administered) **Ref. Docket Nos. 7 & 68** |
|---|---|

**CERTIFICATION OF COUNSEL REGARDING FINAL ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

On August 2, 2018, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [D.I. 7] (the "Motion").

At a hearing held on August 3, 2018 (the "First Day Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. 68] (the "Interim Order") approving the Motion on an interim basis. Pursuant to the *Omnibus Notice of Pleadings and Hearing Thereon* [D.I. 77], objections to the entry of a final order with respect to

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

the Motion were to be filed and served on or before August 22, 2018 at 4:00 p.m. (ET) (the "Objection Deadline").

Prior to the Objection Deadline, San Diego Gas and Electric Company and Southern California Edison Company (together, the "Responding Utility Providers") filed that certain *Objection of San Diego Gas and Electric Company and Southern California Edison Company to the Debtors' Motion for Entry of Interim and Final Orders (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [D.I. 160] (the "Utilities Objection"). After further discussions between the Responding Utility Providers and the Debtors, the Responding Utility Providers have advised the Debtors' undersigned counsel that the Utilities Objection has been resolved. No other formal or informal objections or responses to the Motion were received prior to the Objection Deadline.

Prior to the First Day Hearing, the Debtors received informal comments regarding the Motion from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), which such comments were resolved pursuant to the terms memorialized in the Interim Order.

In furtherance thereof, the Debtors have revised the proposed form of final order attached to the Motion to reflect the agreement reached with the U.S. Trustee in connection with the Interim Order, to the extent applicable, as memorialized in the revised form of order attached hereto as Exhibit A (the "Revised Final Order"). For the convenience of the Court and all interested parties, a blackline comparing the Revised Final Order against the form of final order filed with the Motion is attached hereto as Exhibit B.

WHEREFORE, as the Utilities Objection has been resolved and the Debtors did not receive any other formal or informal objections prior to the Objection Deadline, the Debtors respectfully request that the Court enter the Revised Final Order at its earliest convenience without further notice or a hearing.

Dated: Wilmington, Delaware
August 23, 2018

*/s/ Andrew L. Magaziner*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael R. Nestor (No. 3526)
Sean M. Beach (No. 4070)
Andrew L. Magaziner (No. 5426)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: mnestor@ycst.com
sbeach@ycst.com
amagaziner@ycst.com

-and-

GIBSON, DUNN & CRUTCHER LLP
Matthew J. Williams
David M. Feldman
Matthew K. Kelsey
Keith R. Martorana
Jason Zachary Goldstein
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035
Email: mjwilliams@gibsondunn.com
dfeldman@gibsondunn.com
mkelsey@gibsondunn.com
kmartorana@gibsondunn.com
jgoldstein@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

## REVISED FINAL ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BROOKSTONE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-11780 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 7, 68 & ___** |

**FINAL ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the *Debtors' Motion for Entry of Interim and Final Orders (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of all hearings on the Motion and all of the proceedings had before this Court; and this Court having previously entered the *Interim Order (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [Docket No. 68]; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

3. To the extent not otherwise already done, the Debtors shall provide an Adequate Assurance Deposit for all Utility Providers by depositing the estimated cost for two weeks of Utility Services into a segregated Adequate Assurance Deposit Account within 20 days of the Petition Date, to be maintained on terms consistent with the Motion; <u>provided</u>, <u>however</u>, that the liens of the DIP Administrative Agent and the DIP Term Agent shall extend to the estates' reversionary interest in the Adequate Assurance Deposit.

4. The Proposed Adequate Assurance comprises the Adequate Assurance Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business, and subject to the Adequate Assurance Procedures set forth below, constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

5. The Utility Providers are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, as a condition of the Debtors continuing to receive Utility Services.

6. The following Adequate Assurance Procedures are approved:

a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (a) proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Keith R. Martorana (kmartorana@gibsondunn.com)) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Tara C. Pakrouh (tpakrouh@gibsondunn.com)), (b) counsel to the DIP Administrative Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Christopher L. Carter (christopher.carter@morganlewis.com)), and (c) counsel to the DIP Term Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Jonathan D. Marshall (jmarshall@choate.com)), and (d) counsel to the Official Committee of Unsecured Creditors, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Cathy Hershcopf, Esq. (chershcopf@cooley.com), Seth Van Aalten, Esq. (svanaalten@cooley.com), Robert Winning, Esq. (rwinning@cooley.com), Evan Lazerowitz, Esq. (elazerowitz@cooley.com), and Summer McKee, Esq. (smckee@cooley.com)), and Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, Delaware 19801 (Attn: Justin R. Alberto, Esq. (jalberto@bayardlaw.com), Erin R. Fay, Esq. (efay@bayardlaw.com), and Gregory J. Flasser (gflasser@bayardlaw.com)) (collectively, the "Notice Parties");

b. Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account

number(s); (iii) include a summary of the Debtors' payment history relevant to the affected accounts; (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

c. Upon the Notice Parties' receipt of an Additional Assurance Request at the address set forth in subparagraph (a) above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

d. If the Debtors determine that an Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Provider, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next omnibus hearing date after the receipt of the request;

e. Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Proposed Adequate Assurance;

f. The Debtors may, in their discretion and in consultation with the DIP Administrative Agent and the DIP Term Agent, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to this Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense; and

g. Upon the closure of one of the Debtors' leased or owned real properties and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion, and in consultation with the DIP Administrative Agent and the DIP Term Agent, and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) the estimated two-week utility expense for such Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider, *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing

the Adequate Assurance Deposit, and the Utility Provider does not dispute that it has been paid in full for postpetition services.

7. The Debtors may supplement the Utility Providers List without further order of this Court with Additional Utility Providers if such Additional Utility Providers were inadvertently omitted from the Utility Providers List, and the Debtors will file as soon as practicable with this Court a supplement to Exhibit C annexed to the Motion that adds the name of any Additional Utility Provider to the Utility Providers List. The Debtors will then serve by email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of an Additional Utility Provider, by First Class Mail) a copy of the Motion and this Final Order on any Additional Utility Provider. Following service of the Motion, any Additional Utility Provider will be bound by this Final Order and the Debtors shall provide an Adequate Assurance Deposit into the segregated Adequate Assurance Deposit Account equal to the estimated cost for two weeks of Utility Service from such Additional Utility Provider as soon as practical after the addition of the Additional Utility Provider to the Utility Providers List.

8. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreements of the Debtors and the applicable Utility Provider, or (c) by further order of this Court. If the Debtors fail to pay for any legitimate postpetition Utility Services when due, a Utility Provider may access only that portion of the Adequate Assurance Deposit attributable to it in the Adequate Assurance Deposit Account.

9. The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

10. Without further order of this Court, the Debtors may enter into agreements granting an Additional Assurance Request to a Utility Provider if the Debtors, in their discretion

and in consultation with the DIP Administrative Agent and the DIP Term Agent, determine that the Additional Assurance Request is reasonable.

11. The Debtors may terminate the services of any Utility Provider by providing written notice (a "Termination Notice") to the Utility Provider.

12. The portion of Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors upon the conclusion of these jointly administered Chapter 11 Cases, if not applied earlier.

13. Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

14. Nothing in this Order authorizes the Debtors to pay prepetition claims without further order of this Court.

15. Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of, or a promise to pay with respect to, any claim or lien against the Debtors or their estates, (b) a waiver of the Debtors' right to dispute any claim or lien, (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Provider.

16. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the "DIP Documents") and any

orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto).

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

19. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: August ____, 2018
Wilmington, Delaware

_______________________________________
BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**BLACKLINE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 18-11780 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 7 & 68** |

**FINAL ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the *Debtors' Motion for Entry of Interim and Final Orders (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515), and Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of all hearings on the Motion and all of the proceedings had before this Court; and this Court having previously entered the *Interim Order (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [Docket No. 68]; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

3. To the extent not otherwise already done, the Debtors shall provide an Adequate Assurance Deposit for all Utility Providers by depositing the estimated cost for two weeks of Utility Services into a segregated Adequate Assurance Deposit Account within 20 days of the Petition Date, to be maintained on terms consistent with the Motion; provided, however, that the

liens of the DIP Administrative Agent and the DIP Term Agent shall extend to the estates' reversionary interest in the Adequate Assurance Deposit.

4. The Proposed Adequate Assurance comprises the Adequate Assurance Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business, and subject to the Adequate Assurance Procedures set forth below, constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

5. The Utility Providers are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, as a condition of the Debtors continuing to receive Utility Services.

6. The following Adequate Assurance Procedures are approved:

a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (a) proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Keith R. Martorana (kmartorana@gibsondunn.com)) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Tara C. Pakrouh (tpakrouh@gibsondunn.com)), (b) counsel to the DIP Administrative Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Christopher L. Carter (christopher.carter@morganlewis.com)), and (c) counsel to the DIP Term Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Jonathan D. Marshall (~~jmarshall@choate.com)~~jmarshall@choate.com)), and (d) ~~proposed counsel to any statutory committee appointed in the Chapter 11 Cases~~counsel to the Official Committee of Unsecured Creditors, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Cathy Hershcopf, Esq. (chershcopf@cooley.com), Seth Van Aalten, Esq. (svanaalten@cooley.com), Robert Winning, Esq. (rwinning@cooley.com), Evan Lazerowitz, Esq. (elazerowitz@cooley.com), and Summer McKee, Esq. (smckee@cooley.com)), and Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, Delaware 19801

(Attn: Justin R. Alberto, Esq. (jalberto@bayardlaw.com), Erin R. Fay, Esq. (efay@bayardlaw.com), and Gregory J. Flasser (gflasser@bayardlaw.com)) (collectively, the "Notice Parties");

b. Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected accounts; (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

c. Upon the Notice Parties' receipt of an Additional Assurance Request at the address set forth in subparagraph (a) above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

d. If the Debtors determine that an Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Provider, the Debtors shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next omnibus hearing date after the receipt of the request;

e. Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Proposed Adequate Assurance;

f. The Debtors may, in their discretion and in consultation with the DIP Administrative Agent and the DIP Term Agent, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to this Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense; and

g. Upon the closure of one of the Debtors' leased or owned real properties and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion, and in consultation with the DIP Administrative Agent and the DIP Term Agent, and without further order of this Court, reduce the Adequate Assurance Deposit by an

amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) the estimated two-week utility expense for such Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider, *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing the Adequate Assurance Deposit, and the Utility Provider does not dispute that it has been paid in full for postpetition services.

7. The Debtors may supplement the Utility Providers List without further order of this Court with Additional Utility Providers if such Additional Utility Providers were inadvertently omitted from the Utility Providers List, and the Debtors will file as soon as practicable with this Court a supplement to Exhibit C annexed to the Motion that adds the name of any Additional Utility Provider to the Utility Providers List. The Debtors will then serve by email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of an Additional Utility Provider, by First Class Mail) a copy of the Motion and this Final Order on any Additional Utility Provider. Following service of the Motion, any Additional Utility Provider will be bound by this Final Order and the Debtors shall provide an Adequate Assurance Deposit into the segregated Adequate Assurance Deposit Account equal to the estimated cost for two weeks of Utility Service from such Additional Utility Provider as soon as practical after the addition of the Additional Utility Provider to the Utility Providers List.

8. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreements of the Debtors and the applicable Utility Provider, or (c) by further order of this Court. If the Debtors fail to pay for any legitimate postpetition Utility Services when due, a Utility Provider may access only that portion of the Adequate Assurance Deposit attributable to it in the Adequate Assurance Deposit Account.



9. The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

10. Without further order of this Court, the Debtors may enter into agreements granting an Additional Assurance Request to a Utility Provider if the Debtors, in their discretion and in consultation with the DIP Administrative Agent and the DIP Term Agent, determine that the Additional Assurance Request is reasonable.

11. The Debtors may terminate the services of any Utility Provider by providing written notice (a "Termination Notice") to the Utility Provider.

12. The portion of Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors upon the conclusion of these jointly administered Chapter 11 Cases, if not applied earlier.

13. Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

14. Nothing in this Order authorizes the Debtors to pay prepetition claims without further order of this Court.

15. Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of, or a promise to pay with respect to, any claim or lien against the Debtors or their estates, (b) a waiver of the Debtors' right to dispute any claim or lien, (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or



otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Provider.

16. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the "DIP Documents") and any orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto).

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

19. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: ~~—~~August _____, 2018
Wilmington, Delaware

__________________________________
BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE