## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BROOKSTONE HOLDINGS CORP., *et al.*,[1] | Case No. 18-11780 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 945 & 1027** |

### ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) SCHEDULING PLAN CONFIRMATION HEARING AND APPROVING FORM AND MANNER OF RELATED NOTICE AND OBJECTION PROCEDURES, (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES AND DEADLINES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (V) APPROVING THE FORM OF BALLOT AND NOTICE TO NON-VOTING CLASSES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee" and, together with the Debtors, the "Plan Proponents") for entry of an order, pursuant to sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003(c)(3), 3017, 3018, and 3020, and Local Rules 2002-1, 3017-1, and 9013-1, (i) approving *Disclosure Statement for First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Brookstone Holdings Corp. et al., Submitted by the Debtors and the Official Committee of Unsecured Creditors as Co-Proponents*, dated as of February 4, 2019 (together with all exhibits thereto, and as it may be amended, modified or supplemented, the "Disclosure Statement") as containing adequate information

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515); and, Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

within the meaning of section 1125 of the Bankruptcy Code, (ii) fixing a record date (the "Voting Record Date") for voting on the *First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Brookstone Holdings Corp. et al., Submitted by the Debtors and the Official Committee of Unsecured Creditors as Co-Proponents*, dated as of February 4, 2019 (together with all exhibits thereto, including, without limitation, the Plan Supplement, and as it may be amended, modified or supplemented, the "Plan"), (iii) scheduling a date for the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and approving the form and manner of the related notice and objection procedures for the Confirmation Hearing, (iv) approving the proposed contents of the solicitation packages (the "Solicitation Packages") and establishing solicitation, voting, and tabulating procedures with respect to the Plan, and (v) approving the forms of ballot for the Voting Class, the form of Voting Instructions, and the form of notice to the Non-Voting Class; and upon consideration of the record of these Chapter 11 Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Chapter 11 Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and  good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

      1.      The Motion is GRANTED as set forth herein.

01:24137877.1

2.      Any and all objections to approval of the Motion and Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled in their entirety.

3.      The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code and is approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and Solicitation Packages in order to solicit votes on, and pursue Confirmation of, the Plan.  Prior to the Solicitation Date, the Debtors are authorized to make any correcting, conforming and finalizing changes to the Disclosure Statement or Plan.

4.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

5.      The contents of the Solicitation Packages and Non-Voting Packages,[3] as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including, without limitation, Holders of Claims against and Interests in the Debtors.

6.      The notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit 1 (the "Confirmation Hearing Notice"), complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved.

7.      The Ballot, substantially in the form attached hereto as Exhibit 2-A, is approved. The Voting Instructions, substantially in the form attached hereto as Exhibit 2-B, are approved.

8.      The Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit 3, is approved.

---

[3] The Debtors shall also provide Holders of Interests in Class 5 with a copy of the Disclosure Statement.

01:24137877.1

9.      The Voting Record Date with respect to Holders of Claims shall be February 6, 2019. The Voting Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Class, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan, (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive a Notice of Non-Voting Status and, with respect to Holders of Interests in Class 5, a copy of the Disclosure Statement, and are not entitled to vote to accept or reject the Plan, (iii) the amount of each Holder's Claim for solicitation and voting purposes, and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim holder) can vote to accept or reject the Plan as the Holder of a Claim.  With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

10.      The Debtors are authorized to distribute, or cause to be distributed, by first-class mail, to each Holder of a Claim in the Voting Class as of the Voting Record Date a Solicitation Package containing the following:

- the Disclosure Statement, including the Plan and all other Exhibits annexed thereto;

- the Disclosure Statement Order (excluding exhibits);

- the Confirmation Hearing Notice; and

- the Voting Instructions.

01:24137877.1

11.    The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Disclosure Statement (together with all exhibits thereto, including the Plan) and the Disclosure Statement Order in CD or flash drive format in lieu of paper format.

12.    The Debtors are authorized to distribute, or cause to be distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes a Non-Voting Package, consisting of the (a) Confirmation Hearing Notice, (b) Notice of Non-Voting Status, and (c) with respect to Holders of Interests in Class 5, a copy of the Disclosure Statement.

13.    To the extent that the U.S. Trustee, governmental units having an interest in these Chapter 11 Cases or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, the Debtors are authorized to mail, or cause to be mailed, to such parties a complete copy of the Solicitation Package, excluding the Ballot and Voting Instructions.

14.    The Debtors shall complete, or cause to be completed, the distribution of the appropriate Solicitation Packages and Non-Voting Packages to all Holders of Claims or Interests (including, with respect to Holders of Interests in Class 5, a copy of the Disclosure Statement), as applicable, by February 11, 2019 (the "Solicitation Date").

15.    The Debtors shall not be required to mail the Solicitation Packages and Non-Voting Packages to any Holders of Claims or Interests, as applicable, that have addresses that have previously been determined to be undeliverable.

16.    The deadline by which all Ballots must be properly executed, completed, and actually received by the Claims and Balloting Agent shall be **March 11, 2019 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline"); *provided*, *however*, that the Debtors are permitted, in consultation with the Committee, to extend the Voting Deadline at any time before or after the

01:24137877.1

Voting Deadline, on behalf of any individual voter or any voting Class, as the facts and circumstances may require.

17.     Ballots will only be accepted via paper Ballot and the Plan Proponents shall provide a pre-addressed, postage pre-paid return envelope for such Ballot, so that such party may return its Ballot to the Claims and Balloting Agent by first class mail postage prepaid, personal delivery, or overnight courier.

18.     No Ballots shall be accepted by e-mail or facsimile.

19.     Each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date pursuant to the procedures set forth herein.  For purposes of voting and distribution in connection with the Plan, the Debtors will be substantively consolidated, meaning that all of the assets and liabilities of the Debtors will be deemed to be the assets and liabilities of a single Entity.  Votes to accept or reject the Plan by Holders of Claims against a particular Debtor shall be tabulated as votes to accept or reject the Plan for the substantively-consolidated Debtors.  Solely for purposes of voting on the Plan, and not for the purpose of making distributions on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including objections to Claims, with respect to all Holders of Claims in the Voting Class against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

    a.     The amount of the Claim listed in each of the applicable Debtor's Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed or in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

    b.     The undisputed, non-contingent and liquidated amount specified in a Proof of Claim against a particular Debtor or Debtors timely filed with the Court or the Claims and Balloting Agent by the applicable claims Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of

Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by the Voting Objection Deadline (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c.      If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

d.      Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection filed by the Voting Objection Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e.      Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed by the Voting Objection Deadline, the Ballot will not be counted for voting purposes.

f.      Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested Class.

g.      Claims in the Voting Class as to which two or more Debtors are co-liable as a legal or contractual matter shall be deemed as a single Claim against, and a single obligation of, the substantively-consolidated Debtors.

20.     If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such creditor shall file a Claims Estimation Motion for such temporary allowance by the later of (i) the Voting Objection Deadline, or (ii) 10 days after the filing of the applicable objection. In the event that a Claims Estimation Motion is filed, the non-moving party shall file a response to such motion within 10 days of the filing of the applicable motion and, subject to the Bankruptcy Court's availability, a hearing shall be held prior to the Confirmation Hearing.

21.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots in the Voting Class:

a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against one Debtor or multiple Debtors in the same Voting Class will be aggregated as if such Creditor held a single Claim against the consolidated Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; *provided, however*, that separate Claims held as of the Petition Date by different but related or affiliated Entities shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes related to such Claims shall be treated as separate votes on the Plan.

b. For tabulation purposes, Claims held by a single Creditor against multiple Debtors in the same Voting Class based on guarantee(s) will not be aggregated and will be treated for voting purposes as a single Claim against the consolidated Debtors.

c. Creditors with multiple Claims within the Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Class will not be counted.

d. Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in the Voting Class against all applicable Debtors.

e. In the event a Claim is transferred after the Voting Record Date, only the Holder of such Claim as of the Voting Record Date may execute and submit a Ballot to the Claims and Balloting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

f. A Ballot will be deemed received by the Claims and Balloting Agent only when the Voting actually receives the original, executed Ballot by first class mail, personal delivery, or overnight courier.

g. Except as otherwise provided in subsection (d) hereof, any party who has previously delivered a valid Ballot for the acceptance or rejection of the Plan may revoke such Ballot and change its vote by delivering to the Claims and Balloting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan. In the case where multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

h. Notwithstanding subsection (f) hereof, if a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Claims and Balloting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

i.    Except as otherwise provided in subsection (d) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Claims and Balloting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Claims and Balloting Agent prior to the Voting Deadline. The Plan Proponents' right to contest the validity of any such withdrawals of Ballots is expressly reserved.

22.    The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a.    Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan.

b.    Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors, in consultation with the Committee, have determined to accept such Ballot.

c.    Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code.

d.    Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder.

e.    Any Ballot cast by an Entity that does not hold a Claim in the Voting Class.

f.    Any unsigned Ballot or Ballot without an original signature.

23.    The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, in consultation with the Committee, be unlawful. The Debtors are further authorized, in consultation with the Committee, to permit for the cure of any defects or irregularities or conditions of delivery as to any particular Ballot. The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Claims and Balloting Agent and the

01:24137877.1

Debtors, unless otherwise directed by the Court, will be final and binding on all parties. Any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Debtors (or the Court) determine. Neither the Plan Proponents nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such irregularities have been cured. Ballots previously furnished (and as to which any irregularities have not theretofore been cured) will be invalidated.

24.     The Claims and Balloting Agent shall file its Voting Report, verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report will, among other things, describe every Ballot received by the Claims and Balloting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

25.     The date and time for the Confirmation Hearing shall be **March 20, 2019 at 10:00 a.m. (Eastern Time)**. The Confirmation Hearing may be continued by the Plan Proponents from time to time without further notice to Holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Court.

26.     The deadline for filing and serving Plan Objections shall be **March 11, 2019 at 4:00 p.m. (Eastern Time)** (the "Plan Objection Deadline"). Plan Objections must:

a.      be in writing;

b.     state the name, address, and nature of the Claim or Interest of the objecting or responding party;

c.     state with particularity the legal and factual basis and nature of any Plan Objection; and

d.     be filed with the Court, and served so that the Plan Objections are actually received, by the Plan Objection Deadline by the following parties:

(i) counsel to the Debtors, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Matthew J. Williams, Esq., Matthew K. Kelsey, Esq., Keith R. Martorana, Esq., and Jason Zachary Goldstein, Esq.;

(ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Michael R. Nestor, Esq., Sean M. Beach, Esq., and Andrew L. Magaziner, Esq.;

(iii) counsel for the Committee, Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: Cathy Hershcopf, Esq. and Seth Van Aalten, Esq., and Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin Alberto, Esq.; and

(iv) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Casey, Esq.

27.     The Debtors, the Committee, or any other party supporting Confirmation are authorized to file a reply to any Plan Objections no later than **March 15, 2019 at 4:00 p.m. (Eastern Time)**.  At or before that time, the Plan Proponents shall also file their proposed Confirmation Order.

28.     Notification of the relief granted in this Order as provided for herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors of the Plan, the Confirmation Hearing, the Plan Objection Deadline, and the Plan Proponents' request for Confirmation of the Plan.

29.     The Plan Proponents are authorized to make non-substantive or immaterial changes to the Disclosure Statement and all related documents (including, without limitation, all exhibits thereto and all notices contemplated by this Order) without further order of the Court,

01:24137877.1

including, without limitation, (i) making ministerial changes to correct typographical and grammatical errors, and making conforming changes among the Disclosure Statement, the Plan, the Ballots, the Voting Instructions, and any other materials in the Solicitation Packages prior to mailing as may be appropriate, and (ii) altering the format of such documents to facilitate their prompt and economical distribution.

30.     The Plan Proponents are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

31.     The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:
        February 4, 2019
        Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

01:24137877.1